DA 07-0250

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2007 MT 241N

IN THE MATTER OF

S.L.P.,

A Youth.

FILED

SEP 18 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDJ-06-283
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant Appellant Defender, Helena, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant Attorney General, Helena, Montana

Brant S. Light, County Attorney; Matthew S. Robertson, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: August 22, 2007

Decided: September 18, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant S.L.P. appeals from a disposition of the Eighth Judicial Youth Court, Cascade County (Youth Court), revoking a consent adjustment and committing her to a group youth home until the age of eighteen.

¶3 On November 16, 2006, pursuant to the informal proceeding provisions of the Youth Court Act, the State, S.L.P. and her parents entered into a "Consent Adjustment without Petition." Section 41-5-1302, MCA. S.L.P. violated the terms of the consent adjustment and the State filed a petition to revoke S.L.P.'s adjustment under § 41-5-1512, MCA. S.L.P. admitted the alleged violations and on February 13, 2007, the Youth Court conducted a dispositional hearing. The Youth Court found S.L.P. was a delinquent youth as defined in § 41-5-103(11), MCA, ordered her to be placed on formal probation for six months, and committed her to the Evergreen Group Home until the age of eighteen. This appeal followed.

¶4 This Court reviews for correctness a youth court's interpretation and application of the Youth Court Act. *In re K.D.K.*, 2006 MT 187, ¶ 14, 333 Mont. 100, ¶ 14, 141 P.3d 1212, ¶ 14.

¶5 The State concedes that under the facts and circumstances of this case, the Youth Court erred in finding S.L.P. a delinquent youth. In order to adjudicate a youth a delinquent, the State must file a formal petition alleging such. Section 41-5-1401, MCA. In this instance, no formal petition was filed.

¶6 Therefore, we vacate the dispositional order of February 27, 2006, and remand this case to the Eighth Judicial District Youth Court for disposition.

¶7 Reversed and remanded for proceedings consistent with this Opinion.

/s/ John Warner
Justice

We Concur:

/s/ Karla M. Gray
Chief Justice

/s/ Patricia Cotter

/s/ W. William Leaphart

/s/ Brian Morris
Justices